ROBERT BUIST CO. v. LANCASTER MERCANTILE CO.

1. PRINCIPAL AND AGENT—JURY.—If evidence be conflicting as to whether an agency is limited or not, it is not proper for Judge to instruct the jury that agent was not authorized to make the contract in question.

2. EVIDENCE.—When contest is over an order for goods, it is improper to permit salesman to testify that he took an order of same kind

from another company managed by the purchaser here, which was accepted.

3. Principal and Agent—Presumptions—Evidence—Declarations—Jury.—Agency may be shown by declarations of agent connected with ratification of his acts by his principal, and this being shown, it is a question for jury whether the agent selling merchandise did so under an agreement that his principal should pay the freight, the presumption as to payment of freight being rebuttable by parol evidence.

4. Verdict.—There being competent evidence on the issues in this case, it would have been improper to direct a verdict.

5. New Trial.—There being evidence on the issues it is not error of law to refuse new trial.

6. Contracts — Ratification — Estoppel — Freight.— Acceptance by purchaser of part of a bill of goods and paying for them, including freight, is not a ratification of the contract of purchase so as to estop the purchaser from saying that he was not to pay freight on the balance of the bill.

7. Evidence—Freight.—When an order is taken subject to decline in the market, it is not error to admit evidence on that question, where the issue is whether the seller contracted to pay the freight.

8. Rehearing *refused.*

Before Watts, J., Lancaster, October term, 1904. Affirmed.

Action by Robert Buist Co. against Lancaster Mercantile Co. From judgment in favor of plaintiff, it appeals.

*Messrs. R. E.* and *R. B. Allison,* for appellant, cite: *As to proof of agency by declarations and acts of agent:* 1 Bail., 201; 17 S. C., 139; 39 S. C., 525. *New trial should have been granted as there was no evidence to support the verdict:* 65 S. C., 203. *Verdict not being in accordance with charge should have been set aside:* 16 S. C., 14; 8 S. C., 200.

*Messrs. Green & Hines,* contra, cite: *Incompetent evidence not objected to becomes competent:* 35 S. C., 572; 52 S. C., 193. *Under agreement defendant's manager could testify he was not to pay freight:* 31 S. C., 608. *Conclusion of trial Judge as to new trial founded on fact is conclusive:*

· 37 S. C., 56; 39 S. C., 281; 57 S. C., 289; 59 S. C., 268. *In order to bind them parties must have notice of limited agency:* 3 Ency., 315, n. 2; 27 S. C., 134; 47 S. C., 139; 56 S. C., 320; 5 S. C., 467; 1 Ency., 348-40, 350, 354; 65 Ia., 601; 25 Ka., 534; 58 Mich., 380; 1 Ency., 2 ed., 1013.

The opinion in this case was filed July 11, 1905, and remittitur held up on petition for rehearing until

November 7, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This action has been on appeal once before. See 68 S. C., page 523. There were two points decided on that appeal, to wit:

I. That it was the duty of the jury to accept the charge of the Circuit Judge and return a verdict in accordance therewith, and upon a failure to do so that this Court will order a new trial.

II. That where a contract is silent as to whether the shipper of a consignee shall pay the freight on the shipment the presumption of the law is that the consignee will pay the freight of shipment, but that this presumption of law may be rebutted by parol or other testimony that the shipper was to pay freight from the point of shipment to the destination of such shipment. 21st A. and E. Ency. of Law, 1094. Trial *de novo* was, therefore, ordered.

The new trial took place before Judge Watts and a jury. The verdict was for plaintiff for the sum of $97.40. A motion for a new trial upon the minutes of the Court was then made by the plaintiff. After argument the Circuit Judge refused the motion. Upon entry of judgment the plaintiff alone appealed. The following were the exceptions of the plaintiff:

"I. It is respectfully submitted that the testimony, especially the refusal of the defendant to accept and pay for the potatoes at the price specified in the order (a) for the purchase, all show that the contract was over the freight charge;

and the Circuit Judge having charged the jury that the said order in writing for the purchase, raised the presumption that the defendant was bound to pay the freight, unless the defendant by some direct positive proof, parol or written, could show that the plaintiff had agreed to pay said freight, and no such agreement by plaintiff or any authorized agent having been shown, the Circuit Judge erred in refusing the motion for a new trial.

"II. The Supreme Court having held at the former hearing in this case that the written order for the purchase, raised the presumption that the defendant was liable to pay the freight, unless the defendant could show by parol testimony outside of that order that the plaintiff had positively agreed to pay the freight; and no such parol or other testimony to establish such agreement having been produced, the jury failed to follow the law as given by the Circuit Judge, it was error in the Judge to refuse to set aside the verdict.

"III. It being admitted that the order in writing for the purchase was set up, both in the answer and the admissions on the trial, this was an established fact which could not be contradicted; and the presumption of law raised thereby that defendant was bound to pay the freight, and no testimony having been adduced to rebut this presumption, the Circuit Judge erred in refusing a new trial.

"IV. Because the Circuit Judge erred in allowing L. C. Lazenby, who purchased the potatoes, to testify that John Mahan sold him the potatoes delivered in Lancaster, without showing that John Mahan was authorized by Robert Buist Co. to do so, and to testify before the jury that the order in writing for the purchase of the goods was not the order of the defendant, against the protest of the plaintiff.

"V. Because the Circuit Judge erred in allowing L. C. Lazenby to testify before the jury that John Mahan, in making the contract for the purchase, acted as the agent of the Robert Buist Co., without showing that he was authorized by the plaintiff to make the contract contended for, and

without showing that John Mahan was acting within the scope of his authority.

"VI. Because the Circuit Judge having ruled on the trial and in his charge to the jury, that it was incumbent on the defendant to prove outside of the written order for the purchase, that the plaintiff, Robert Buist Co., had agreed to pay the freight, and that it was incumbent on the defendant not only to prove that John Mahan was the agent of the plaintiff, but also that he was acting within the scope of his authority, and the jury disregarding this instruction, having found a verdict against the plaintiff, without such proof, the Circuit Judge, it is submitted, erred, as a matter of law, in refusing a new trial.

"VII. Because the Circuit Judge in his order refusing a new trial erred in holding that the testimony was sufficient to support the verdict, when there was no testimony at all that the plaintiff agreed to pay freight, and no competent testimony whatever to show that John Mahan had authority to bind the plaintiff to pay the freight—the whole testimony in the case shows that John Mahan was merely a soliciting agent for the plaintiff, without authority to make a binding contract, and such was his own testimony.

"VIII. Because the written order for the purchase of the potatoes was sent up by the defendant through the mail to plaintiff at Philadelphia for acceptance or rejection, wherein was made no mention of freight charges for transportation; and the defendant having failed to offer, on the trial below, any legal or competent testimony, oral or written, to show that plaintiff or any authorized agent had ever agreed to pay freight charges on the shipment from Philadelphia to Lancaster, S. C.; and these facts having been brought to the notice of the Circuit Judge when the motion for a new trial was made before him, he, it is respectfully submitted, erred, as a matter of law, in refusing the motion for a new trial.

"IX. Because the written order of the defendant for the purchase of the potatoes raised the presumption of law that the defendant was to take them at the invoice price and pay

for their shipment to Lancaster; unless there was some oral or further agreement between plaintiff or some authorized agent and the defendant, to the effect that plaintiff would pay the freight charges; and no legal or competent testimony, parol or written, of any such agreement having been offered in evidence on the trial, the Circuit Judge erred in not considering this point and in refusing a new trial.

"X. Because the Circuit Judge erred in not following the ruling made by the Supreme Court in this case, *Robert Buist Co.* against *Lancaster Mercantile Co.,* 68 S. C. The Supreme Court held, 'That it was competent for the defendant as purchaser to rebut the presumption that he was to pay the freight, and to show by parol testimony that the plaintiff agreed to do so;' and the Circuit Judge, reviewing the minutes of the trial after the verdict, and seeing that no competent parol testimony had been offered at the trial to show that plaintiff had agreed to pay the freight, it is submitted that he erred in refusing the motion for a new trial.

"XI. Because the Circuit Judge having ruled and instructed the jury that the onus of rebutting the presumption, raised by the written order or contract for the purchase, rested on the defendant to show by positive testimony that the plaintiff had agreed to pay the freight on the shipment; and it having been made to appear when the motion for a new trial was made that no such testimony had been offered; the Circuit Judge erred in refusing to grant a new trial.

"XII. Because there was no testimony offered to show that plaintiff had authorized John Mahan to make an agreement to deliver the potatoes in Lancaster free of charge, and it was not competent for defendant to prove by the declarations of Mahan that he had such authority. The relation between John Mahan and plaintiff was that Mahan was only a soliciting agent of plaintiff, without authority to make a binding contract, as the provisions of the written order for the purchase of the goods and plaintiff's acceptance of the same and the testimony of John Mahan clearly show. And it is submitted that the Circuit Judge erred in allowing the

defendant to attempt to prove by the witnesses, Lazenby, Brown and Carnes, such alleged agency by the declarations of John Mahan, and the plaintiff should have a new trial.

(No XIII.)

"XIV. Because the Circuit Judge erred in allowing L. C. Lazenby, the general manager of the defendant, and other witnesses in their testimony to disown the very order for the purchase of the goods, which the defendant had admitted to have made and sent up, as this was an established fact— not to be contradicted.

"XV. Because there was not a particle of legal or competent testimony to show that Robert Buist Co., plaintiff, ever agreed to pay the freight charges on the potatoes, and the Circuit Judge would have been justified in directing a verdict at least for the price of the fifty barrels of potatoes and the direct freight on the whole shipment, and he erred in refusing a new trial.

"XVI. Because the consolidated order (a) in writing being admitted and being silent as to who shall pay the freight and there being no testimony whatever that plaintiff promised or agreed to pay the freight, and the defendant having refused to accept the seventy-five barrels of potatoes on the sole ground that plaintiff would not deduct the freight charges on the same from the invoice price thereof, the Circuit Judge could have legally directed a verdict for plaintiffs for the invoice price of fifty barrels of potatoes, with the direct freight on the seventy-five barrels shipment added; and this being so, the Circuit Judge erred in refusing a new trial.

"XVII. Because the contract in writing for the purchase being silent as to freight charges raised the presumption that the purchaser was bound to pay the freight, and the defendant having signally failed on the trial to show by parol or otherwise that plaintiff had agreed to pay the freight, the verdict of the jury was clearly erroneous and not responsive to the instructions of the presiding Judge.

"XVIII. Because the defendant having accepted and used the eight barrels of onion sets and beans, being a part of the fifty barrel shipment and having paid the freight thereon without making any objection, it was a ratification of the contract contended for by plaintiff, and defendant should be made to pay the freight on the entire shipment.

"XIX. Because the defendant having refused to pay the contract price of the potatoes on the sole and only ground that it was not bound for the freight, and the purchaser having testified that the market for eastern grown potatoes was higher at the time of the shipment than it was at the time the purchase was made, the defendant should be confined to the issue made as to who should pay the freight, and not be allowed to contradict itself by making a pretense that it could buy potatoes cheaper, especially as all the testimony showed that the market price had risen.

"XX. Because the Circuit Judge erred in permitting L. C. Lazenby, the purchaser, to testify that John Mahan claimed to be an agent of plaintiff and that he purchased the potatoes from him, without first proving by some competent testimony that Mahan was an agent and acted within the scope of his authority.

"XXI. Because John Mahan was a soliciting agent for plaintiff to take orders to be sent up to plaintiff for acceptance or rejection, and he acted in this instance as the agent of the defendant in sending up the consolidated order; and the Circuit Judge could very well have instructed the jury that there was no competent evidence offered to prove that John Mahan was authorized to bind plaintiff to pay the freight on the potatoes.

"XXII. Because the Circuit Judge erred in excluding the following testimony of John Mahan, offered in reply, as a part of his deposition, to wit: 'About the time I sent an order from the Kershaw Mercantile and Banking Co., Kershaw, S. C., to (my) house for twenty-five barrels of same kind of potatoes and at the same price, and the order was accepted, the goods were shipped and were paid for, freight and all,

and no question was made about freight, and he was surprised to hear of the objection made by the defendant after their goods were shipped in this case, and they are understood to be run by the same man, only in a different town.'

"XXIII. Because the Circuit Judge erred in excluding a part of the depositions of H. C. Stabler, offered in reply, on the same point, as that of Mahan's excluded."

It now becomes our duty to pass upon these exceptions. We will do so by grouping them as hereinafter indicated. We might premise our remarks by stating that the sole questions which are presented here relate to the thirty-six dollars for freight on fifty barrels of potatoes and $108 for freight on seventy-five barrels of potatoes from Philadelphia to Lancaster and the return thereof from Lancaster to Philadelphia—it being conceded that the plaintiff is entitled to its judgment for $97.40, which sum the defendant has several times tendered to the plaintiff.

As to the twenty-first exception. There was a question raised by the testimony, not that John Mahan was a soliciting agent for the plaintiff, but that his authority as such agent was limited. Both parties addressed themselves in their testimony to this question. It was, therefore, not proper for the Circuit Judge to say to the jury that John Mahan was not authorized to bind plaintiff to pay the freight on the potatoes. This exception must be overruled.

As to the twenty-second exception. When the Circuit Judge excluded the testimony of John Mahan relating to the order he had sent from the Kershaw Mercantile Banking Co., and the order was accepted and the goods shipped, he did not err. It was no part of the case then before the Court and should have been excluded. This exception is overruled.

As to the twenty-third exception. We might decline to pass on this exception, as it is not complete in itself, but apart from that, the witness, H. C. Stabler, resided in the city of Philadelphia, and his testimony related to transac-

tions with other parties who had no possible connection with the defendant here. It was entirely extraneous. There would be no end if in an endeavor to unravel one transaction with the defendant, the plaintiff, through his witnesses, should endeavor to put in testimony every other transaction of the plaintiff with all its customers wholly disconnected with the defendant. This exception is overruled.

We will next notice exceptions four, five, twelve, fourteen and twenty, referring as they do to the alleged errors of the Circuit Judge during the taking of the testimony. When we held, in disposing of the first appeal in this case, that it was competent for the defendant, as purchaser, to rebut the presumption that he was to pay the freight, and to show by parol testimony that the plaintiff agreed to do so, such decision by this Court bound both parties to the suit, and, therefore, when the second trial came on, it was competent for the defendant to introduce such parol testimony. This he attempted to do by Lazenby, Brown and Carnes. Each of those witnesses testified that the plaintiff, through his agent, John Mahan, agreed to place the potatoes at Lancaster, S. C., for the prices set up in the order. It is true, that the plaintiff was acting through its agent, John Mahan, and it is necessary when such agency is set up that the extent of such agency should appear, as is well said by Mr. Justice Jones, in *McGhee* v. *Wells,* 57 S. C., 280, 287, 35 S. E., 529: "The power of the agent may be general or it may be special. It is general when the agent is empowered to do a particular thing, or many things, in any way necessary or proper to accomplish the end. It is special when the agent is empowered to do a particular thing or many things in a limited way. The jury must determine the character of the agency from the testimony. If general, the principal is bound if the agent exceed his authority, and the other party did not know it. If special, the agent must follow his instruction, else the principal will not be bound." It is useless to multiply quotations of the law on the subject of agency. Now, here is John Mahan, as a stranger to the

defendant, solicited orders from such defendant. He disclosed his principal to be Robert Buist Co. He undertook to sell for his principal. He made a contract for the sale by his principal, of the barrels of potatoes in question, at a particular price for each variety sold. He wrote out the order himself, though signing the name of the defendant, and on the order the name of John Mahan appears. The order was dated October 24th, 1900. A reply in the following words was received by the defendant:

"Philadelphia, Nov. 2, 1900.
"Lancaster Mercantile Co., Lancaster S. C.

"Gentlemen: We are in receipt of your valued order, through our Mr. Mahan, which we accept, and will forward at the proper time as agreed. Yours very truly,
"Robert Buist Co."

Here we have the agency of Mr. Mahan asserted by himself for the defendant, and validated by the plaintiff itself. The agency of Mr. Mahan, therefore, is established. He was authorized by the plaintiff to sell its potatoes. The sale of the article was for a particular price. Whether the articles so sold were to be free of freight to the defendant was a legitimate part of the agency of sale. Here the testimony diverges. The plaintiff and its witnesses insisting that freight was to be paid by the defendant, but the defendant and its witnesses testify that the plaintiff was to pay the freight. It is, therefore, a question squarely presented to the jury. These exceptions are overruled.

We will next consider fifteen and sixteen exceptions. These two exceptions, complaining as they do of the Circuit Judge's failure to direct a verdict for the plaintiff. Whenever there is any competent testimony, it is the duty of the Judge to submit the issue to the jury. An examination of the testimony shows that there was testimony in this case, therefore, it was not error for the Circuit Judge to submit the whole issue to the jury. These exceptions are overruled.

We will next consider exceptions one, two, three, six, seven, eight, nine, ten, eleven, twelve and seventeen, referring as they do to the alleged error of the Court in refusing plaintiff's motion for a new trial. The record here discloses that the motion for a new trial was made on the minutes of the Court. It is established by repeated decisions in this Court that the Circuit Judge is clothed by law with a wise discretion in disposing of motions for a new trial. This Court only grants a reversal of the Circuit Judge when there is no testimony on an issue holding that in such an event that an error of law arises. A careful perusal shows that there was testimony on all the issues. It was not error for him to refuse the new trial. These exceptions are, therefore, overruled.

We will next pass upon exceptions eighteen and nineteen. We see no error charged against the Circuit Judge in the eighteenth exception; but even if there had been, we would feel obliged to overrule the exception, and as for the nineteenth, we will remark that when the plaintiff shipped the seventy-five barrels of potatoes he made no offer to reduce the price because said potatoes had fallen in the eastern market. No doubt the jury considered this matter in making up their verdict. These two exceptions are overruled.

It is the judgment of this Court; that the judgment of the Circuit Court be and is hereby affirmed.

PER CURIAM. November 7, 1905. After careful consideration of the petition for a rehearing, the Court is satisfied that no material question, either of law or fact, has been disregarded or overlooked. Hence there is no ground for a rehearing.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.