13492

PENNING *ET AL.* v. REID *ET AL.*

(166 S. E., 139)

266

274

286

288

*Mr. George Warren,* for appellants,

*Mr. Hugh O. Hanna,* for respondents,

October 17, 1932.

The opinion of the Court was delivered by Mr. Justice Stabler.

We have made a careful and painstaking study of the questions involved in this appeal, and are satisfied with and approve the conclusions arrived at by Judge Johnson in his very full and well-considered decree.

With respect to the necessity for a *"nulla bona* return," a novel question is presented under the special facts of this case; and while the general rule is as stated in *Temple v. Montgomery,* 157 S. C., 85, 153 S. E., 640, we think, in line with the great weight of authority, that an exception to this rule arose under the facts here presented, and that the circuit Judge was correct in so holding.

With regard to the point made by counsel for appellants, that at the time of the execution of the deed in question, and for some time thereafter, the defendant R. W. Reid, as shown by the testimony, was solvent, in addition to what is said in Judge Johnson's decree, we may refer to *Cordery v. Zealy,* 2 Bailey, 205, to the effect that, subject to the qualification of slight indebtedness or debts inconsiderable in comparison with the value of the donor's estate, "it may be laid down as a settled rule of law, that one who is in debt, cannot make a voluntary conveyance, which will prevail against existing debts." The rule is thus stated in *Richardson v. Rhodus,* 14 Rich., 95 (we add italics): "The general rule is, that, as against creditors existing at the time of the conveyance, a voluntary conveyance is fraudulent in law and void. * * * The test of the donor's legal capacity to give, as against existing creditors, depends upon his *final solvency"*—that is to say, not upon his solvency at the time the gift is made; if *in the final event* the property of the debtor is not sufficient to pay his debts existing at the time of his voluntary conveyance, then such conveyance is null and void as to such debts.

290

In *Buchanan v. McNinch,* 3 S. C., 498, the Court, in considering the qualifications of the general rule thus stated, further observed: "We think, too, that another exception may be added, and which finds justification in the circumstances of this case. It is that where the donor makes a voluntary conveyance of an inconsiderable portion of his estate, leaving unincumbered a probable sufficiency for the payment of his existing debts, it shall prevail, if his subsequent insolvency arises from the loss of his property by sudden and extraordinary events which he could not control or prevent."

It is not made to appear, under the facts disclosed by the record, that the case at bar falls within any exception named.

The circuit decree, which will be reported, is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.