Bowery *v.* Vines *et al.*

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

FERDINAND POWELL, JR., of Knoxville, and NELSON SWAN, of Johnson City, for appellant.

S. S. KIRKPATRICK, of Jonesboro, VINES, HAWKINS & BRYANT, of Johnson City, and ROBERT M. MAY, of Jonesboro, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Alleging himself to be a judgment creditor of Robert E. Vines, with *nulla bona* return, complainant Bowery attacked as fraudulent in law a deed of trust executed by Vines and prayed to have this conveyance set aside, and the lands embraced therein subjected to payment of his debt, and that of any other creditor in like situation. He

charged that the trust deed embraced lands worth $2,250; that the conveyance was made to secure an extension of time in the payment of indebtedness owing to defendants Peoples Bank and the Banking & Trust Company, evidenced by notes executed by James A. Vines, Jr., and Lillian R. Vines, as principals, on which Marion Sell and Earl W. Sell were sureties; that this was the sole consideration for the trust conveyance; that Robert E. Vines was not theretofore liable for, or obligated on the indebtedness, and that no consideration moved to him for the transfer; that Robert E. Vines was at the time and since insolvent and that the conveyance, being without either valuable, or fair consideration, was fraudulent in law, as against complainant and other creditors. He invoked and relied on Code Sections 7271-7282, the uniform fraudulent conveyance statute. Complainant prayed, by way of alternative relief, for recovery against the makers of the notes and the sureties thereon and made allgations directed to this relief, but in the view we take this alternative phase of the cause becomes immaterial.

■■ The Chancellor sustained demurrers filed by the defendant Banks and Sell and dismissed the bill and complainant appealed. Several grounds were set out in the demurrer, but the material and determinative issue raised and passed on by the Chancellor was whether or not the bill, briefly outlined above, stated a case of fraudulent conveyance, the theory of the defendants being that the extension of time and indulgence granted, which the bill charged to have been the consideration for the trust deed, constituted a "fair consideration" in the sense of the statute relied on. It was also argued that the language of the bill used to charge insolvency was not adequate for this purpose. We do not deem it necessary to discuss this proposition further than to say that, when

construed liberally as against the demurrer, in accordance with the rule, we find insolvency is charged in sufficient terms. It is charged that, "At the time of the making of the aforesaid grant and conveyance, the liabilities of the defendant, Robert E. Vines, exceeded his assets;" also, that the making of the trust deed "reduced the assets of the defendant, Robert E. Vines, far below his liabilities."

The particularly pertinent sections of the Code are 7274 and 7273, reading:

"7274. Conveyances by insolvent.—Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

"7273. Fair consideration.—Fair consideration is given for property, or obligation (a) when in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or (b) when such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

The position of counsel for appellees is thus stated by counsel on their brief: ". . . it seems clear that there was in fact consideration for the undertaking of the mortgagor, Robert E. Vines, in that an extension of the time of payment was granted upon the debt thusly secured by said deed of trust; the creditors refraining from doing that which they had a right to do upon the inducement of the mortgagor then acting in the role of a promisor, in

fact a promisor to pay the debt to the extent of the property so mortgaged.''

Counsel quote from 13 C. J., at page 315, 17 C. J. S., Contracts, section 74, the following:

''It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. Indeed, there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.''

And, again, from 41 C. J., page 387:

''Under the rules applicable to contracts generally, the forbearance of a creditor from enforcing the payment of a debt or claim by legal proceedings or his extension of the time for payment of the debt or interest thereon may constitute a sufficient consideration, and the consideration may be a forbearance extended to a third person.''

These are excellent statements of generally recognized rules. But, do they apply and control here? They apply to Robert E. Vines as the promisor, or obligor. He could not plead lack of consideration for his conveyance made to secure ''a forbearance extended to a third person.'' But may he, being insolvent, thus voluntarily convey his property to the prejudice of his creditors, without a fair consideration passing to him which would inure to their benefit?

We are cited to no Tennessee case directly in point, and, indeed, to but one from other jurisdictions, to which

we will later refer. We deem it unnecessary to consider distinctions suggested between a "valuable" and a "good," or a "fair" consideration. We seem to have here a case of no consideration whatever passing to the grantor, Robert E. Vines, for this transfer of his property. We have here a voluntary conveyance, fraudulent in fact as against existing creditors by the terms of the statute above cited. A voluntary conveyance was prima facie fraudulent in fact as against existing creditors before the passage of this uniform statute. This was so under Code Section 7832, codifying Chapter 25, Section 2, of the Acts of 1801, and Chapter 38, Section 8, Acts of 1715 (the Code section being a substitute for the English statutes of 13th and 27th Elizabeth, as said by this Court in *Harton* v. *Lyons*, 97 Tenn., 180, 36 S. W., 851). See *Nicholas* v. *Ward*, 38 Tenn. (1 Head), 323, 73 Am. Dec., 177; *Susong* v. *Williams*, 48 Tenn. (1 Heisk.), 625; *Welcker* v. *Price*, 70 Tenn. (2 Lea), 666; *Nelson* v. *Kinney*, 93 Tenn., 428, 25 S. W., 100; *Nelson* v. *Vanden*, 99 Tenn., 224, 42 S. W., 5.

It cannot be denied that counsel for appellant is correct in his contention that the uniform Act of 1919, Chapter 125, brought into the Code in Sections 7271-7282, exacts the passing to an insolvent grantor of a consideration of approximate value to the property conveyed, if the conveyance is to be good as against his creditors. It is essential that the consideration must not only be fair, but that it pass into the insolvent's estate. This is the lack in the instant case.

In the 1931 edition of Glenn on Fraudulent Conveyances, page 370, Section 275, discussing the principle involved, the author says:

"In final effect the test from the creditor's stand point should be the diminution of the estate, and the first in-

quiry therefore must be whether the transfer, in view
of the consideration received, lessened the value of the
estate. If not, the creditor can claim no injury. . . .

''When we speak of the debtor's estate, we mean, of
course, the estate available to his creditors. It follows
that a consideration which by the very nature of the
transaction, does not pass into the estate at all, is not
within the general rule just mentioned.''

 The bill states a case of the transfer by an in-
solvent of valuable property to secure an obligation of
third parties for which he was theretofore in no manner
or degree responsible, a voluntary donation of the pref-
erential use of his property, which the record shows re-
sulted in entire loss thereof under foreclosure. We are
unable to distinguish this transaction in principle from
the making of a gift. As well said in Gibson's Suits in
Chancery, Section 1009:

''All of a debtor's property, real and personal, . . .
is, in the eye of the law, a fund for the benefit of his
creditors. This fund he is not allowed to give away to
the injury of those to whom he is indebted, for the law
requires every man to be just before it permits him to
be generous, honesty being deemed a greater virtue than
generosity, especially when that generosity is at another's
expense.''

 It will doubtless be conceded that if Robert E.
Vines, being insolvent, had transferred this property
to James A. and Lillian R. Vines, as a gift, the transfer
would be voidable as fraudulent in fact by his creditors.
The principle which renders a gift by an insolvent fraudu-
lent in fact and voidable by creditors is equally applicable
where, as here, an insolvent voluntarily transfers his
property, without receiving a fair consideration in ex-
change, for the use and benefit of third parties, securing

at their request and for their benefit an obligation wholly theirs.

As above suggested, we have been cited by diligent counsel for appellant, in a supplemental brief, to a Federal decision which appears to support the views we have expressed, *Davis* v. *Hudson Trust Co.*, 3 Cir., 1928, 28 F. (2d), 740, 742, in which *certiorari* was denied, 278 U. S., 655, 49 S. Ct., 179, 73 L. Ed., 565. Davis, Trustee in bankruptcy for the estate of Mrs. Frances S. Dyer, filed suit to set aside as fraudulent under the Uniform Fraudulent Conveyances Law a mortgage executed by Mrs. Dyer at the request of her husband to secure payment of a large indebtedness he had incurred under circumstances which subjected him to prosecution. Her making of the mortgage to secure this obligation on which she had not theretofore been liable rendered her insolvent. In holding the transaction fraudulent, the opinion of the Court proceeded:

"She received absolutely nothing for the mortgage. It is true, as counsel for appellees say, that 'the agreement of a creditor to extend his debtor's time for payment, or to forbear suing on the claim, constitutes a valuable consideration for the promise of a third party to pay the debt.' But we are not here dealing with a 'valuable' consideration for the promise of a third party to pay another's debt. We are here dealing with what constitutes 'fair consideration,' which when given in good faith may prevent creditors from setting aside a conveyance under the Uniform Fraudulent Conveyance Act. The act itself defines the term as above quoted. No property was conveyed to Mrs. Dyer 'as a fair equivalent' for the mortgage and she had no antecedent debt to the mortgagee to be satisfied by the mortgage. Her creditors may, therefore, set the conveyance aside as fraudulent

unless it comes within the exception hereafter mentioned. . . . This mortgage may have prevented prosecution of Mr. Dyer for money which he is alleged to have embezzled from the Holt Company. But, be that as it may, Mrs. Dyer was in no way liable for his indebtedness. However, nobody may complain at her act, except her creditors and they have first claim upon her property, and may set aside any conveyance of it, which rendered her insolvent, except when made to bona fide purchasers for a 'fair consideration.'

"That the fraud here may have been without 'actual intent' does not affect the case. When the elements of fraud as defined by the act are present, the conveyance is fraudulent regardless of actual intent."

Finding that the learned Chancellor erred in sustaining the demurrer, his decree is reversed and the case remanded for further proceedings.