0981

Mary Lou DUFRESNE, Respondent v. REGENCY REALTY, INC. OF HIL-
TON HEAD ISLAND and Mary Jane Zabinski, of whom Mary Jane
Zabinski is Appellant. Appeal of Mary Jane ZABINSKI.

(366 S. E. (2d) 256)

Court of Appeals

*A. R. Grant Morehouse,* Hilton Head Island, *for appellant.*

*Curtis L. Coltrane* of *Herring & Meyer,* Hilton Head Island, *for respondent.*

Heard Feb. 16, 1987.

Decided June 22, 1987.

*Per Curiam:*

This is an action in equity to set aside a transfer of corporate assets brought pursuant to Section 27-23-10, Code of Laws of South Carolina, 1976, commonly known as the Statute of Elizabeth. Mary Lou Dufresne seeks to have set aside a conveyance of assets by Regency Realty, Inc., to Mary Jane Zabinski. The circuit court set aside the transfer. Mrs. Zabinski appeals. We affirm.

Regency was a corporation engaged in the business of real estate brokerage. Prior to August, 1982, all of the stock in Regency was owned by Dufresne and C. J. Odom. Each owned 50%.

On August 31, 1982, Dufresne, Odom and Mrs. Zabinski's husband, Leo A. Zabinski, entered into a stock acquisition agreement whereby Dufresne agreed to sell her interest in Regency to Mr. Zabinski. Included in the agreement was a recital that Regency was separately indebted to Dufresne in the amount of $23,000.00, payment of which Mr. Zabinski and Odom personally guaranteed.

On October 13, 1983, Regency, Mr. Zabinski and Odom entered into an agreement with Mrs. Zabinski to sell the assets of Regency's rental and property management division, including its management contracts, to Mrs. Zabinski. In exchange for the assets Mrs. Zabinski agreed to pay Regency $25.00 and "other good and valuable consideration," Mr. Zabinski $25.00 and "other good and valuable consideration," and Odom $5,000.00. The trial judge found that, at the time of transfer, the rental and property management division had a value of between $22,000.00 and $28,000.00.

On October 15, 1983, Mr. Zabinski and Odom sold their remaining interest in Regency to Kevin B. Raines for $12,000.00 cash. In addition, Raines expressly assumed Regency's debt to Dufresne.

Shortly thereafter, Raines wrote Dufresne a letter repudiating Regency's debt to her, allegedly for violating the terms of the August 31, 1982 agreement. Dufresne responded by bringing an action against Regency, Mr. Zabinski and Odom to recover the debt. On January 16, 1984, the circuit

judge entered a default judgment for $27,766.27 against Regency. Dufresne settled her claims against Mr. Zabinski and Odom for $15,000.00. Dufresne's execution against Regency was returned "Nulla Bona."

Sometime in early February, 1984, Raines left town taking escrow monies and other of Regency's assets. He is still the object of search by many. Regency was ultimately closed down by the South Carolina Real Estate Commission in late February, 1984.

The law applicable to this case is well settled. Under the Statute of Elizabeth, if the challenged transfer was made for a valuable consideration,[1] it will only be set aside if the plaintiff establishes: (1) that the grantor was indebted to him at the time of the transfer; (2) that the grantor transferred the property with intent to defraud his creditors; and (3) that the grantor's intent is imputable to the grantee. *Gardner v. Kirven*, 184 S. C. 37, 191 S. E. 814, (1937).

If the transfer was not made on a valuable consideration, no actual intent to hinder or delay creditors must be proven. Instead, as a matter of equity, the transfer will be set aside if the plaintiff shows: (1) that the grantor was indebted to him at the time of the transfer; (2) that the conveyance was voluntary[2]; and (3) that the grantor failed to retain sufficient property to pay his indebtedness to the plaintiff in full—not merely at the time of the trans-

---

[1] In the contemplation of the statute, a valuable consideration is the fair equivalent for the property conveyed, "for equity requires, that such [a] gift, which defeats others, should be made on as high and good consideration as the things which are thereby defeated are...." *Twyne's Case*, (1601) 3 Rep. 80b, 81b, 76 Eng. Rep. 809, 814. Although the statute itself does not use the words "valuable consideration," the courts early held that a mere legal consideration was not enough. *See Matthews v. Feaver*, (1786) 1 Cox 278, 29 Eng. Rep. 1165 ("If the conveyance had been made without any consideration, it would certainly have been void under the statute; and I am of the same opinion where the consideration is entirely inadequate." *Id.* at 280, 29 Eng. Rep. at 1166) (per Sir Lloyd Kenyon, M.R.).

[2] A voluntary conveyance is a transfer made in good faith without consideration or for a mere nominal consideration. *First State Savings and Loan Assoc. v. Nodine*, 291 S. C. 445, 354 S. E. (2d) 51 (Ct. App. 1987). When the value of the property transferred is substantially in excess of the consideration paid therefore, the conveyance is considered voluntary to the extent of the excess. *Holman v. Hudson*, 188 Miss. 87, 193 So. 628 (1940); *see also Matthews v. Montgomery, supra.*

fer, but in the final analysis when the creditor seeks to collect his debt. *Gardner v. Kirven, supra; Penning v. Reid,* 167 S. C. 263, 166 S. E. 139 (1932). A voluntary conveyance which violates the statute will be set aside to the extent of the value of the property transferred less any consideration received in exchange therefor. *See Matthews v. Montgomery,* 193 S. C. 118, 7 S. E. (2d) 841 (1940).

Mrs. Zabinski does not challenge the trial judge's finding that Regency was indebted to Dufresne when it sold the assets of its rental and property management division. Thus, the first condition for setting aside the transfer is met.

As to the requirement of a voluntary conveyance, Mrs. Zabinski asserts that the trial judge erred in valuing the rental and property management assets between $22,000.00 and $28,000.00. Gordon W. Gillet, Dufresne's expert, testified that the rental and property management assets were worth more than $22,000.00. Mrs. Zabinski testified that she carried the assets on her financial statement at $28,000.00, explaining that this reflected her investment in them. Based on the evidence, we find that the assets were worth $28,000.00.

Mrs. Zabinski also excepts to the trial judge's finding that she failed to give valuable consideration for the assets. She claims she gave $27,621.46 in exchange for the assets, including the $5,000.00 paid to Odom personally and the forgiveness of a $10,000.00 personal debt to Mr. Zabinski. The trial judge, disregarding the consideration given Mr. Zabinski and Odom, held that the consideration from Mrs. Zabinski to Regency was worth $10,000.00 to $16,000.00 less than the value of the assets she received.[3] We affirm this finding.

---

[3] In addition to the forgiveness of the $10,000.00 debt to Mr. Zabinski and the $5,000.00 payment to Odom, Mrs. Zabinski testified that she forgave a lease between herself and Regency worth something less than $9,000.00 and that she paid off debts of Regency to other creditors totalling approximately $3,000.00. She also claimed she forgave a debt of Regency to herself of $695.00. The sum of these five items is $27,621.46, the amount she testified she gave in consideration of the assets. The trial judge did not decide whether the lease forgiveness or the debt payment and forgiveness constituted valuable consideration, but assumed that they did for purposes of his analysis. He arrived at the $10,000.00 to $16,000.00 figure by reducing

Value given to a person other than the debtor in exchange for the debtor's assets does not constitute consideration within the contemplation of the statute. *Cf. French v. French*, (1855) 6 De G.M. & G. 95, 43 Eng. Rep. 1166; *Bowery v. Vines*, 178 Tenn. 98, 156 S. W. (2d) 395 (1941). As a corollary to this rule, a transfer by a corporation is invalid when the consideration goes to the shareholders instead of the corporation. *See, Hurd v. New York & Commercial Steam Laundry Co.*, 167 N. Y. 89, 60 N. E. 327 (1901); *cf. Costas v. First Federal Savings and Loan Association*, 283 S. C. 94, 321 S. E. (2d) 51 (1984) (corporation a legal entity separate and distinct from shareholder). The rental and property management assets were owned by Regency, not Mr. Zabinski and Odom. Accordingly, the trial judge properly disregarded the $5,000.00 payment to Odom and the forgiveness of Mr. Zabinski's debt, when determining how much Mrs. Zabinski gave in exchange for the assets. With these sums removed from the calculation, we find the transfer was clearly a voluntary conveyance. Thus, the second condition for setting aside the transfer is met.

As to the third requirement, Mrs. Zabinski argues that Regency was solvent at the time of transfer and therefore retained sufficient property to pay Dufresne's debt. However, Mr. Zabinski testified that from its inception the corporation had "hit all the bad years" and "didn't make any money." Moreover, using the values that Mrs. Zabinski herself placed on Regency's assets and liabilities, its liabilities exceeded its assets after the transfer to Mrs. Zabinski. In other words, Regency did not have sufficient assets after the transfer to pay its debt to Dufresne. This met the final condition for setting aside the transfer under the statute.

For the reasons stated, we affirm the circuit court's determination that Regency's sale of the rental and property management assets to Mrs. Zabinski violated the Statute of Elizabeth and should be set aside.

Affirmed.

---

the $22,000.00 to $28,000.00 value of the assets by $12,000.00, the sum of the lease forgiveness and debt payment and forgiveness. We, like the trial judge, assume that the lease forgiveness and the debt payment and forgiveness are valuable consideration.