2189

FIRST UNION NATIONAL BANK OF NORTH CAROLINA, Respondent
v. Ronnie Gene SMITH and Bill Smith, Appellants.

(445 S.E. (2d) 457)

Court of Appeals

*Willard D. Hanna, Jr.* and *Charles V. Leonard, of Harris & Hanna*, Surfside Beach, *for appellants.*

*John P. Henry*, of *Thompson, Henry, Gwin, Brittain & Stevens*, Conway, *for respondent.*

Submitted May 10, 1994.

Decided May 23, 1994.

GOOLSBY, Judge:

First Union National Bank of North Carolina brought this action under the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (1991), to set aside a mortgage issued by Ronnie Gene Smith to his father, Bill Smith. The master set aside the mortgage, finding that the Smiths failed to establish a valid debt between them and that Ronnie Smith gave the mortgage to

his father to delay, hinder, and prevent First Union from collecting the debt owed to it by Ronnie Smith. The Smiths appeal. We affirm.[1]

According to the Smiths, Ronnie Smith's father gave him the following loans: $65,000.00 in 1978 for the purchase of a home, $9,300.00 in 1979 for the purchase of an automobile, and $50,000.00 in 1980 for the purchase of an automobile dealership. Initially, no notes were drawn as security.

In 1990, Ronnie Smith obtained a loan from First Union. Subsequently, Ronnie Smith defaulted on the loan. First Union sent him a demand letter on June 7, 1990. Ronnie Smith received this letter on June 12, 1990.

On the day Ronnie Smith received the demand letter from First Union, in a purported effort to secure his father's loans, Ronnie Smith executed a note in favor of his father for $124,300.00. This note was secured by a mortgage on Ronnie Smith's house, his sole asset. At the time Ronnie Smith issued the mortgage, Bill Smith was aware of Ronnie Smith's debt to First Union.

On October 19, 1990, First Union received a judgment for $197,872.48 against Ronnie Smith. First Union then brought this action seeking to set aside Bill Smith's mortgage under the Statute of Elizabeth.

The master granted First Union the relief that it sought.

I.

On appeal, the Smiths argue the master erred in finding that the Smiths failed to prove the mortgage in issue was given for valuable consideration. We disagree.

"Where transfers to members of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the transferee to establish both a valuable consideration and the *bona fides* of the transaction by clear and convincing testimony." *Gardner v. Kirven*, 184 S.C. 37, 41, 191 S.E. 814, 816 (1937).

Here, we agree with the master's finding that the Smiths failed to meet their burden of proof. Our examination of the record reveals the Smiths did not provide

---

[1] We decide this case without oral argument because we have determined oral argument would not aid the court in its decision.

any documentation or other corroborating evidence of the alleged loans. Furthermore, the parties' past dealings were inconsistent with a debtor-creditor relationship. Ronnie Smith made no payments on the alleged loans, and Bill Smith made no attempts to enforce the purported obligations.

## II.

The Smiths also argue the master erred in voiding their mortgage because First Union did not prove an intent on their part to defraud First Union when they entered into the transaction. This argument is without merit.

If, as in the present case, a transfer was not made for valuable consideration, "no actual intent to hinder or delay creditors must be proven." *Dufresne v. Regency Realty, Inc.*, 295 S.C. 1, 4-5, 366 S.E. (2d) 256, 258 (Ct. App. 1987). Instead, as a matter of equity, the transfer will be set aside if a creditor shows:

> (1) that the grantor was indebted to [the creditor] at the time of the transfer; (2) that the conveyance was [made without consideration or for mere nominal consideration]; and (3) that the grantor failed to retain sufficient property to pay his indebtedness to the [creditor] in full—not merely at the time of the transfer, but in the final analysis when the creditor seeks to collect his debt.

*Id.* (citing *Gardner v. Kirven*, 184 S.C. at 42-43, 191 S.E. at 816-17).

In this case, Ronnie Smith was indebted to First Union when he issued the note and mortgage to his father, his conveyance to his father was not made for valuable consideration, and he failed to retain sufficient property to satisfy his debt to First Union after executing the note and mortgage.

Affirmed.

BELL and CONNOR, JJ., concur.