**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAYTAG CORPORATION,
<u>Plaintiff-Appellee,</u>

v.

No. 96-1224

MARY E. CLARKSON; ROBERT A.
CLARKSON,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-95-335-3-19)

Submitted: August 22, 1996

Decided: September 13, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Jahue Moore, KIRKLAND, WILSON, MOORE, ALLEN, TAY-
LOR & O'DAY, P.A., West Columbia, South Carolina, for Appel-
lants. H. Simmons Tate, Jr., Manton M. Grier, Hamilton Osborne, Jr.,
SINKLER & BOYD, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert A. and Mary E. Clarkson appeal from the district court's order granting summary judgment for Maytag Corporation in its action seeking to set aside allegedly fraudulent conveyances. On appeal, the Clarksons challenge only the portion of the district court's order finding that Robert's conveyance of the marital home to Mary was fraudulent. We find that summary judgment was appropriate; consequently, we affirm.

The Clarksons are married and live at 115 Old Sawmill Trail in Chapin, South Carolina, a property Robert bought in 1988 for $212,000. After becoming indebted to Maytag Corporation for $1,500,000, Robert conveyed the home to Mary. The deed recited consideration of $5 and love and affection. Mary paid off the existing loan of $117,716.05 and obtained a new loan of $118,000. With the new financing, the monthly mortgage payment decreased from $2038 to under $800.

In December 1994, Maytag obtained a judgment for $1,500,000 against Robert, and in February 1996, Maytag filed this action against Robert and Mary Clarkson, seeking to have several allegedly fraudulent conveyances set aside, including the conveyance of the marital home to Mary. The district court granted partial summary judgment for Maytag and set aside several of the conveyances, including the conveyance of 115 Old Sawmill Trail to Mary. On appeal, the Clarksons challenge only the portion of the district court's summary judgment order setting aside the conveyance of 115 Old Sawmill Trail.

This court reviews de novo district court orders granting or denying summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3222, and cert. denied, 63 U.S.L.W. 3257 (U.S. Oct. 3, 1994) (Nos. 93-1893, 94-9). District

2

courts may enter summary judgment only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.3d 1085, 1087 (4th Cir. 1990)(in banc), cert. denied, 498 U.S. 1109 (1991).

South Carolina law prohibits fraudulent conveyances to avoid creditors. S.C. Code Ann. § 27-23-10 (Law. Co-op. 1991). A conveyance will be set aside under this statute if one of two conditions exists:

> First, even though a conveyance is made for valuable consideration, it will be set aside if it is made by the grantor with actual intent to defraud and that intent is imputable to the grantee. . . . Second, where the transfer is made without consideration and the transferor retains insufficient property to meet his debts, the transfer will be set aside regardless of the intent of the debtor or the transferee.

NCNB Nat'l Bank of North Carolina v. Tiller, 814 F.2d 931, 938 (4th Cir. 1987), overruled on other grounds by Busby v. Crown Supply, Inc., 896 F.2d 833 (4th Cir. 1990). The Clarksons challenge the district court's finding that the transfer of 115 Old Sawmill Trail was void for lack of consideration.

Generally, if a property's value exceeds the amount of debt owed on the property, then a transferee's agreement to pay off the encumbrances is not valuable consideration as against the transferor's creditors. First Nat'l Bank of Omaha v. First Cadco Corp., 203 N.W.2d 770, 779 (Neb. 1973); see also United States v. Chapman, 756 F.2d 1237, 1241 n.3 (5th Cir. 1985) (transfer may be fraudulent as to creditor where only consideration is assumption of mortgage which is substantially less than value of property); cf. Dufresne v. Regency Realty, Inc., 366 S.E.2d 256, 258 (S.C. Ct. App. 1987) (transfer of corporate assets deemed void where consideration paid was substantially less than value of assets). Here, it is undisputed that the consideration Mary gave for 115 Old Sawmill Trail was assumption of a mortgage debt of approximately $118,000. Six years earlier, Robert bought the property for $212,000--nearly double the value of the consideration Mary paid. Because the value of the transferred property was substantially greater than the consideration paid, the district court properly

3

concluded that the transfer was fraudulent for purposes of S.C. Code Ann. § 27-23-10 and set aside the transfer.

For these reasons, we affirm the district court's order granting summary judgment for Maytag and setting aside the conveyance of 115 Old Sawmill Trail. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4