18476

T. T. JEFFORDS, as Receiver for Shuler & Smoak, Inc., Respondent, v. Andrew BERRY and R. Sumter Williams, Jr., Appellants

(147 S. E. (2d) 415)

*Andrew Berry, Esq.,* of Orangeburg, *for Appellants,*

*R. A. Bowman, Esq.,* of Orangeburg, *for Respondent,*

March 15, 1966.

BUSSEY, Justice.

The respondent, as receiver for Shuler & Smoak, Inc., an insolvent corporation, seeks in this action to set aside a certain deed of realty by the said corporation to appellants, on the ground that such was fraudulent. The cause was referred to a special referee and, pursuant to his recommendations and report, the circuit court entered a decree setting aside and canceling said deed, and from that order comes this appeal.

The deed in issue was dated January 3, 1965, and conveyed to appellants certain business property in the City of Orangeburg, found by the special referee to have a market value of $36,000, such finding of fact being fully supported by the evidence. The deed recited a consideration of $1,000, which was actually paid, and that the conveyance was made subject to three mortgages totaling $30,900, more or less, and subject to taxes and other liens of record against the property, it being stipulated in the deed that none of such indebtedness was assumed by the grantees. The appellant Berry is an attorney, who had from time to time represented the insolvent corporation over a period of nearly thirty years, but was not regularly retained by it. The evidence shows without dispute that at the time of the conveyance the corporation was insolvent, and, further, that in either October or November prior to the conveyance, Mr. Berry and an official of the corporation had informed the holders of the two largest mortgages that the corporation was insolvent and did not have any money and could not pay its bills.

While the respondent offered evidence as to the market value of the real property involved, he offered no evidence as to the exact amounts of the various liens against the realty at the time such was sold, and no other evidence as to the market value of the equity purchased by appellants. The only evidence as to the amount of the outstanding liens was the testimony of Berry, which was neither precise nor complete thereabout, but from his testimony it is inferable that the aggregate of the liens was somewhere between thirty-one and thirty-two thousand dollars. The record contains no evidence as to the attitude of the several mortgagees with reference to whether or not foreclosures thereof were immediately threatened. Of significance, we think, however, is the fact that Berry, two days after the date of the deed, paid to the holder of the first mortgage, on behalf of the grantees, the sum of $1,265.88, it being inferential that such amount was delinquent and overdue thereon.

The evidence leaves no doubt, we think, that the corporation was insolvent and that knowledge of its insolvency was either known or imputable to the grantees. While the referee's finding that the fair market value of the realty was $36,000 is supported by the evidence, his conclusion or finding that the value of the property, over the lien indebtedness, was approximately $6,000, is, we think, not supported by evidence. He made no other finding with respect to the value of the equity purchased by appellants, and no specific finding as to the inadequacy of the consideration paid therefor. He made no finding of any fraudulent intent on the part of either the grantor or the grantees, but simply concluded that,

"The aforesaid deed is void as prejudicial to the rights of the unsecured creditors and should be set aside and cancelled of record."

The circuit court overruled exceptions to the report of the referee and entered a decree in conformity with his recommendations. The court concurred in the findings of the referee to the effect that the grantor was insolvent and that such fact was known to the appellant, Berry, and that Berry's knowledge thereabout was imputable to his co-appellant. Additionally, the circuit judge found that the consideration for the deed was inadequate, but did not find that it was grossly inadequate. Like the referee, he made no finding of any fraudulent intent on the part of either the grantor or the grantees. To the contrary, he exonerated the grantees in the following language,

"This contest does not involve the character or competence of Mr. Andrew Berry, individually or as an attorney, or his co-defendant, R. Sumter Williams, Jr., and nothing in this order will or should be construed as a reflection upon the character or competence of either."

His order setting aside the deed appears to be based only on the insolvency of the grantor, knowledge of such insolvency by the grantees, and his finding that the consideration was inadequate.

From the case of *Gardner v. Kirven,* 184 S. C. 37, 191 S. E. 814, we quote the following applicable general principles of law,

"Under the provisions of the Statute of Elizabeth (section 8696), every conveyance made 'for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, * * * shall be deemed and taken * * * to be clearly and utterly void, frustrate, and of none effect.'

"Our courts, in interpreting this statute, have held that conveyances shall be set aside under two conditions: First, where the transfer is made by the grantor with the actual intent of defrauding his creditors where that intent is imputable to the grantee, even though there is a valuable consideration; and, second, where a transfer is made without actual intent to defraud the grantor's creditors, but without consideration. *Farmers' Bank v. Bradham,* 129 S. C. 270, 123 S. E. 835; *McInnis v. McRae,* 134 S. C. 162, 132 S. E. 473." Section 8696, above referred to, is now Code Section 57-301.

Since the deed here was not without consideration, it does not fall within the second classification above mentioned and may not be set aside as fraudulent without an actual intent on the part of the grantor, imputable to the grantees, to delay, hinder or defraud the creditors of the grantor. The respondent argues that "In fraudulent conveyances the phrase 'without consideration' includes grossly inadequate consideration as was the fact in this case." Such argument is, we think, not well founded. There is no finding by either the referee or the court that the consideration was "grossly inadequate", even assuming that the rather scanty evidence offered by the respondent would have warranted such a finding had it been made. Additionally, gross inadequacy of consideration and "without consideration" are not synonymous in the law.

"Although gross inadequacy of consideration is a badge of fraud, see *supra* § 81, and when combined with other

circumstances may amount to proof of actual fraud, mere inadequacy of price, unattended by other circumstances giving color and form to the transaction, is not usually sufficient to establish fraud and invalidate the conveyance, but is only a circumstance tending to show knowledge of fraud or participation in it." 37 C.J.S. Fraudulent Conveyances § 158.

Cited, *inter alia,* as authority for the foregoing text is the South Carolina case of *Taylor v. Heriot,* 4 S. C. Eq. 227.

In the case of *McPherson v. McPherson,* 21 S. C. 261, this court approved, as being in conformity with the settled law, a charge by the trial judge, as follows:

"Another badge of fraud is the inadequacy of the consideration. Well, upon that point my opinion is that a consideration about which persons may differ as to whether it is adequate or otherwise is not such a one as will avoid a deed. The term used is 'grossly inadequate consideration', *etc.* It must be a consideration so far short of the value of the property as to arouse a presumption in the mind that the person who takes that property takes it under some kind of secret trust. When property is conveyed for a grossly inadequate consideration, then that becomes a strong badge of fraud, and one which warrants the jury in setting it aside."

See also on the same point and to the same effect, *McGhee v. Wells,* 57 S. C. 280, 35 S. E. 529.

While the consideration here has been found by the circuit judge to be inadequate, it has not been found to be grossly inadequate, even assuming that the rather scanty evidence bearing on the value of the equity purchased by the appellants would warrant and support such a finding. Under our decisions, had a finding been made that the consideration was grossly inadequate and such finding supported by the evidence, such would have constituted a badge of fraud which, under the circumstances, may very well have warranted the court in finding an actual fraudulent intent, a prerequisite to setting aside the deed.

Rather than finding a grossly inadequate consideration and a fraudulent intent, the circuit judge has found the consideration to be merely "inadequate", made no finding as to the intent of the grantor and exonerated the grantees of any fraudulent intent.

We are convinced that the circuit judge was in error in setting aside the deed under these circumstances.

While a conveyance, under the circumstances reflected by the record, is subject to close scrutiny, and, this being an equity case, this court has the authority to make independent findings of fact, we would not be warranted, upon such scant proof as the record affords, in making independent findings that such gross inadequacy of consideration, or fraudulent intent, existed as to require that the deed be set aside.

The judgment of the lower court is, accordingly,

Reversed.

MOSS, Acting C. J., LEWIS, J., and LEGGE, Acting J., concur.

BRAILSFORD, J., did not participate.