524 S.E.2d 621

**ROYAL Z LANES, INC., Plaintiff–Appellee,**

v.

**COLLINS HOLDING CORPORATION, Defendant–Appellant.**

No. 25026.

Supreme Court of South Carolina.

Heard Sept. 22, 1999.

Decided Dec. 6, 1999.

Anne M. Frayne, Jacob A. Myers and Sue Seeberger, all of Myers & Frayne Co., L.P.A., and Katherine C. McGuire, of McGuire & Hawk, all of Dayton, Ohio; and Richard S. Rosen and Donald B. Clark, both of Rosen, Goodstein & Hagood, L.L.C., of Charleston, for plaintiff-appellee.

Lawrence T. Burick, of Thompson, Hine & Flory, L.L.P., of Dayton, Ohio; and Timothy C. Youmans, of Columbia, for defendant-appellant.

MOORE, Justice:

We agreed to answer the following question certified by the Sixth Circuit Bankruptcy Appellate Panel:

Whether, in the absence of actual intent to defraud creditors, S.C.Code Ann. § 27–23–10 sets aside as a fraudulent conveyance the transfer of an interest in property worth $1,000,000 when consideration of $195,389 was received by the transferor?

## FACTS

The certification order indicates the following facts. In April 1994, Plaintiff–Appellee Royal Z Lanes, Inc. (Debtor) and Z3 Services, Inc., a related corporation, became co-borrowers on a $1 million loan from Defendant–Appellant Collins Holding Corporation (Creditor). As part of the loan agreement, Debtor gave Creditor mortgages on three bowling centers in South Carolina. Debtor received $195,389 as proceeds from the loan and Z3 received the remainder of the $1 million.

After Debtor filed for bankruptcy in January 1997, this adversary proceeding was commenced against Creditor to set aside the mortgages as fraudulent conveyances. Applying South Carolina law, the bankruptcy court found no actual intent to defraud creditors but set aside the amount of $804,-611, the extent to which the mortgages exceeded the value of

the consideration Debtor received ($195,389).[1] Creditor appealed to the Bankruptcy Appellate Panel.

## ISSUE

Is gross inadequacy of consideration a sufficient ground to set aside a conveyance under § 27–23–10?

## DISCUSSION

■■■ It is well-settled under S.C.Code Ann. § 27–23–10(A) (Supp.1998)[2] that where there is valuable consideration, a transfer may be set aside as a fraudulent conveyance only if there is an actual intent to defraud creditors imputable to the grantee. *Future Group II v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996) (*citing Gardner v. Kirven,* 184 S.C. 37, 191 S.E. 814 (1937)).[3] A transfer made *without* valuable consideration, however, may be set aside even without an actual intent to defraud. *Id.*[4]

■■ A transfer made without valuable consideration has been referred to as a "voluntary conveyance." *First State Sav. & Loan Ass'n v. Nodine,* 291 S.C. 445, 354 S.E.2d 51 (Ct.App.1987). This term has caused some confusion in our case law[5] and for clarity we refer here to such a conveyance

---

1. The bankruptcy court refused to consider the benefit to Z3 as an indirect benefit to Debtor.

2. This section is referred to as The Statute of Elizabeth and provides:
   Every feoffment, gift, grant, alienation, bargain and conveyance of land, tenements or hereditaments, goods and chattels, or of any of them, or of any lease, rent, commons or other profit or charge out of the same, by writing or otherwise, and every bond, suit, judgment and execution which may be had or made to or for any intent or purpose to delay, hinder or defraud creditors and others of their just and lawful actions, suits, debts accounts, damages, penalties and forfeitures shall be deemed and taken ... to be clearly and utterly void, frustrate and of no effect, any pretense, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding.

3. The grantor must be indebted at the time of the transfer. *Id.*

4. The grantor must be indebted at the time of the transfer and failed to retain sufficient property to repay his debt. *Id.*

5. *See* footnote 7, *infra.*

as a "gratuitous" conveyance. Essentially, a conveyance may be set aside as fraudulent if (1) it is voluntary (gratuitous) *or* (2) there is actual intent to defraud.

■ The bankruptcy court in this case relied on a Court of Appeals decision, *Dufresne v. Regency Realty, Inc.*, 295 S.C. 1, 366 S.E.2d 256 (Ct.App.1987), to find the conveyance to Creditor voluntary (gratuitous) to the extent the value of the property exceeded the consideration received, and concluded the conveyance could therefore be set aside to that extent even absent an actual intent to defraud. We find *Dufresne* conflicts with precedent of this Court.

In *Jeffords v. Berry*, 247 S.C. 347, 147 S.E.2d 415 (1966), we found that "grossly inadequate" consideration is "a strong badge of fraud" but we specifically rejected the argument that gross inadequacy of consideration reduces the conveyance to the status of one made without consideration, concluding "gross inadequacy of consideration and 'without consideration' are not synonymous in the law." 147 S.E.2d at 418. Under *Jeffords*, where there is gross inadequacy of consideration, an actual intent to defraud must still be shown to set aside the conveyance as fraudulent.

Following *Jeffords*, in *Coleman v. Daniel*, 261 S.C. 198, 199 S.E.2d 74 (1973), we found grossly inadequate consideration and again treated it as a "badge of fraud" that, along with other indicia of fraud, indicated an actual intent to defraud.[6]

Despite this precedent, the Court of Appeals in *Dufresne* treated the conveyance in question as voluntary (gratuitous) to the extent the fair value of the property exceeded the consideration given. It held despite the absence of an actual intent to defraud, such a conveyance "will be set aside to the extent of the value of the property transferred less any consideration received in exchange therefor." 366 S.E.2d at 258.[7] Thus,

---

**6.** The dissent in *Coleman* would have found the conveyance voluntary (gratuitous) to the extent the value conveyed exceeded the consideration received which, the dissenter concluded, meant the conveyance could be set aside to that extent even without an actual intent to defraud. The majority declined to follow the dissent's position.

**7.** *Dufresne* cites *Matthews v. Montgomery*, 193 S.C. 118, 7 S.E.2d 841 (1940), as support for this holding. This reliance is misplaced and apparently stems from language in *Matthews* taken out of context. In

under *Dufresne,* grossly inadequate consideration would be sufficient to set aside part of the conveyance even without an actual intent to defraud. We now overrule *Dufresne* to the extent it conflicts with *Jeffords* and *Coleman.*

## CONCLUSION

■ In answering the certified question now before us, we are asked to consider whether a grossly inadequate consideration (here less than 20% of the property's value) is sufficient to set aside the conveyance as fraudulent. As noted above, grossly inadequate consideration is treated as a "badge of fraud" under this Court's precedent. *See also McGhee v. Wells,* 57 S.C. 280, 35 S.E. 529, 531 (1900) (defining grossly inadequate consideration as "a consideration so far short of the value of the property as to arouse a presumption in the mind that the person who takes that property takes it under some kind of secret trust."). A badge of fraud creates a rebuttable presumption of intent to defraud. *Dinkins v. Robbins,* 200 S.C. 475, 21 S.E.2d 10 (1942); *James v. Martin,* 150 S.C. 75, 147 S.E. 752 (1929). Because the certified question assumes no actual intent to defraud, we leave to the certifying court to consider whether a remand to the factfinder is necessary to determine if, in light of this rebuttal presumption, actual intent to defraud is established.[8]

**CERTIFIED QUESTION ANSWERED.**

FINNEY, C.J., TOAL, BURNETT, JJ., concur.

WALLER, J., not participating.

---

*Matthews,* the conveyance sought to be set aside was not made directly by the grantor. The property was sold at a tax sale for grossly inadequate consideration to the grantor's son. The question was whether the conveyance could be set aside as a fraudulent one where there was an intervening tax sale. Apparently, the Court of Appeals in *Dufresne* mistakenly relied on the term "voluntary" in *Matthews,* which in context was used simply to distinguish the conveyance by tax sale from a direct conveyance by the grantor. *Matthews* actually stands for the proposition that a conveyance made *with* an actual intent to defraud will be set aside to the extent the value of the conveyance exceeds the consideration received.

8. *See* Rule 301, SCRE, for the evidentiary effect of a presumption under current South Carolina law.