THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 One Hundred
 Eighth Cookingham, Inc., Respondent,
 
 
 

v.

 
 
 
 David K.
 Miller, Julia J. Miller, Alan Fredrick Hagemaster and Andrew Lee Hagemaster, Appellants.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Circuit Court Judge
Unpublished Opinion No. 2008-UP-141
Submitted February 1, 2008  Filed March
 4, 2008
AFFIRMED

 
 
 
 Brian Deen McDaniel, of Beaufort; Jonathan Brent Kiker, of Hilton Head Island, for Appellants.
 James M. Herring of Hilton Head Island and William Weston Jones Newton, of Bluffton, for Respondent.
 
 
 

PER CURIAM:  David
 and Julia Miller and Julia Millers sons from a prior marriage, Alan and Andrew
 Hagemaster (collectively the Hagemasters), appeal an order setting aside certain
 property transfers as fraudulent pursuant to the Statute of Elizabeth.  We
 affirm.[1]
FACTS
On September 24, 2001, the Millers purchased a condominium in
 Village West in Hilton Head Island, South Carolina.  The purchase price for the
 condominium was $300,000, the entirety of which was paid by David Miller from
 his own funds.  According to the Millers, Julia Miller was to receive the
 property as compensation for relinquishing a tenured position with the University of Kansas when she married David in April 2001; however, the deed to the
 condominium listed the Millers as joint tenants with right of survivorship.
On June 27, 2002, One Hundred Eighth Cookingham, Inc., a Missouri corporation, filed a demand for arbitration against David, a Kansas resident, with
 the American Arbitration Association at its office in Kansas City, Missouri.  In the demand, Cookingham claimed $1,337,400 in damages for breach of a real
 estate and option contract, plus costs and expenses.  The date of the alleged
 breach was July 1, 1997.  On June 26, 2003, the arbitrator awarded Cookingham
 $789,039 plus costs, finding all issues in favor of Cookingham.
By quitclaim deed dated July 25, 2003, and recorded on July 30,
 2003, in the Office of the Register of Deeds for Beaufort County, South Carolina, David and Julia transferred the condominium to Julia for no consideration. 
 In addition, by deed dated July 25, 2003, and recorded July 31, 2003, Julia
 deeded the condominium to the Hagemasters for no consideration, reserving a
 life estate for herself and David.
On December 23, 2003, the arbitrators award was enrolled in the
 circuit court of Clay County, Missouri, as a final judgment.  Thereafter, on
 February 16, 2005, the Missouri judgment was enrolled in the Beaufort Court of
 Common Pleas as a South Carolina judgment.
In 2005, Cookingham petitioned the Beaufort County Court of Common
 Pleas to set aside the conveyances pursuant to the Statute of Elizabeth.  The
 trial court set aside both the 2001 grant of a one-half interest in the
 property to Julia and Davids subsequent conveyance in 2003 of his half
 interest in the property.  This appeal followed.
STANDARD OF REVIEW
An
 action to set aside a transfer of land as fraudulent pursuant to the Statute of
 Elizabeth is an action in equity.  Albertson v. Robinson, 371, S.C.
 311, 315, 638 S.E.2d 81, 83 (Ct. App. 2006) (citing Future Group, II v.
 Nationsbank, 324 S.C. 89, 97 n.6, 478 S.E.2d 45, 49 n.6 (1996)).  In an
 action in equity tried without a reference, the appellate court may find facts
 in accordance with its own view of the preponderance of the evidence.  Townes
 Assoc., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775-76
 (1976).  Notwithstanding this broad scope of review, however, the appellate
 court does not disregard the findings of fact by the trial judge, who saw and heard the witnesses and was in a better
 position to evaluate their credibility.  Tiger, Inc. v. Fisher-Agro, Inc.,
 301 S.C. 229, 237, 311 S.E.2d 538, 53 (1989).
LAW/ANALYSIS
1.  The Millers and the
 Hagemasters argue the Statute of Elizabeth cannot be used to set aside the conveyances
 at issue because both the initial acquisition of the condominium by David and
 Julia Miller and the subsequent transfer of Davids interest to Julia were
 supported by valuable consideration.  We disagree.
Under
 the Statute of Elizabeth, a transfer of real property made to prevent a
 creditor from collecting on a debt must be deemed and taken . . . to be
 clearly and utterly void, frustrate and of no effect, any pretense, color,
 feigned consideration, expressing of use, or any other matter or thing to the
 contrary notwithstanding.  S.C. Code Ann. § 27-23-10(A) (2007).  
A conveyance
 may be set aside as fraudulent under the Statute of Elizabeth if it was voluntary
 or if there is actual intent to defraud the grantors creditors.  Royal Z Lanes,
 Inc. v. Collins Holding Corp., 337 S.C. 592, 595, 524 S.E.2d 621, 622
 (1999).  A voluntary conveyance is a gratuitous transfer of property or one
 without valuable consideration.  Id. at 594-95, 524 S.E.2d at 622.  To
 set aside a voluntary conveyance, a creditor must establish the following:  (1)
 the grantor was indebted to the creditor at the time of the transfer; (2) the
 conveyance was voluntary; and (3) the grantor failed to retain sufficient
 property to pay the indebtedness to the creditor in full, not merely at the
 time of transfer, but in the final analysis when the creditor seeks to collect
 the debt.  Mathis v. Burton, 319 S.C. 261, 265, 460 S.E.2d 406, 408 (Ct.
 App. 1995).  
The
 Millers and the Hagemasters contend the transfers that One Hundred Eighth
 Cookingham sought to invalidate were supported by valuable consideration,
 namely, the $300,000 in income that Julia purportedly forfeited in order to
 marry David.  In support of their argument, they cite their uncontradicted testimony
 that (1) the sole purpose of acquiring the condominium was to induce Julia to
 marry David and to compensate her for the income she forfeited in so doing; and
 (2) the initial deed giving title to both David and Julia was an oversight and only
 Julia should have received title to the property. 
Notwithstanding
 the absence of evidence discrediting their statements, the Millers failed to
 carry their burden of establishing both valuable consideration and the bona
 fides of the transfer by clear and convincing evidence.  See Gardner v. Kirven, 184 S.C. 37, 41, 191 S.E. 814, 816 (1936) (Where transfers to members of the family are attacked
 either upon the ground of actual fraud or on account of their voluntary
 character, the law imposes the burden on the transferee to establish both a
 valuable consideration and the bona fides of the transaction by
 clear and convincing testimony.).  The trial court specifically found the
 Millers lacked credibility and gave sound reasons for this finding.  These
 reasons included the following:  (1) it was illogical that Julia, having been
 advised in early 2001 about her grave medical prognosis, would not make the
 certain the condominium was properly titled solely in her name in accordance
 with the purported agreement; (2) the Millers assertion that they never
 discussed Davids business difficulties was questionable considering their
 demonstrated ability and willingness to discuss potentially touchy subjects at
 some depth during their discussions about the marriage and the timing of the
 demand for arbitration vis-à-vis that of the arbitration hearing; (3) the
 Millers contention that it was only when Julia learned she was cancer-free, which
 was coincidentally during the same months the arbitration proceeding was
 pending, that they realized their supposed agreement would be upset if she
 pre-deceased David; and (4) Julias testimony that her sons had no knowledge of
 Davids difficulties and no knowledge of the conveyance of the condominium to
 them actually supported a finding that this subsequent conveyance was not a
 bona fide transfer.  These reasons also support the trial courts finding that
 the Millers did not enter into any agreement before their marriage under which
 David was to purchase property and title it in Julias name as consideration
 for her loss of income from taking early retirement.
2.  The Millers and the Hagemasters also argue Julia was an
 innocent purchaser without knowledge of any indebtedness to Cookingham.  Specifically,
 they contend that [b]y accepting the deed(s) to the subject property, Julia
 Miller merely was exercising her own right to the property in accordance with
 the contract she had with her husband; a contract upon which she fully
 performed.  Because, however, we uphold the trial courts finding that there
 was no such contract, we do not address this argument.  See Futch v.
 McAllister Towing of Georgetown, 335 S.C. 598, 613, 518 S.E.2d 591, 598
 (1999) (explaining an appellate court need not address remaining issues when its
 decision concerning prior issues is dispositive of the case).
3.  We also reject the
 contention of the Millers and the Hagemasters that David that the Statute of
 Elizabeth is inapplicable to this case because David was not a debtor of Cookingham
 at the time of the initial acquisition of the condominium.  The inception of
 the debt or obligation controls rather than the date of the subsequent entry of
 judgment.  Matthews v. Montgomery, 193 S.C. 118, 133, 7 S.E.2d 841, 848
 (1940).  Moreover, as the supreme court stated in Matthews, It is only
 necessary that the debt should have been in existence or the right of action
 have accrued at or before the time of the transfer. It may be reduced to
 judgment at a later date.  Id.; see also Albertson, 371
 S.C. at 317-18, 638 S.E.2d at 84 (setting aside the conveyance of a marital
 home from a debtor to his wife pursuant to the Statute of Elizabeth and holding
 the pivotal event was when the debtor breached his contract with the party
 seeking to invalidate the transfer rather than the entry of judgment against
 him).  
In
 the present case, David became indebted to Cookingham when he breached the
 contract in 1997.  The acquisition of the condominium and the transfers at
 issue here did not occur until 2001 and 2003, several years after the breach. 
 We therefore hold Cookingham had obtained creditors status at the time the
 Millers first acquired the condominium.
AFFIRMED.  
ANDERSON and
 THOMAS, JJ., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.