THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 A and J, LLC,
 as Assignee of Jesse Dove, Appellant,
 
 
 

v.

 
 
 
 KG Rescue, LLC,
 KG Golf Acquisition, LLC, David Mikulski, Jeff Stahl, Jessco,  Inc., Jessco
 Homes, Inc., Steeplechase Development, LLC, and Wachovia Bank, N.A., Defendants,
 Of whom KG
 Rescue, LLC, KG Golf Acquisition, LLC, David Mikulski, Jeff Stahl, Jessco, Inc.,
 Jessco Homes, Inc., and Steeplechase Development, LLC, are Respondents.
 
 
 

Appeal from Dorchester County
Patrick R. Watts, Master-in-Equity

Unpublished Opinion No.  2012-UP-194  
 Heard February 28, 2012  Filed March 21,
2012

AFFIRMED

 
 
 
 Robert E. Culver, of Charleston, for
 Appellant.
 Mark W. McKnight, of Charleston, for
 Respondents.
 
 
 

PER CURIAM: A and J, LLC owned an option to purchase
 one of several mortgages held by KG Rescue, LLC.  When A and J exercised the
 option, KG Rescue refused to transfer the mortgage, so A and J sued KG Rescue
 for breach of contract.  While the lawsuit was pending, KG Golf Acquisition,
 LLC, which owned the property encumbered by the mortgages, paid KG Rescue in
 order to satisfy the mortgages.  KG Rescue used the money from that transaction
 to repay loan debts it owed to Jessco Homes, Inc.,[1] Steeplechase, LLC, and Jeff Stahl,
 one of KG Rescue's members. 
A and J later obtained
 a money judgment against KG Rescue, but KG Rescue lacked funds to pay the
 judgment.  A and J then filed this action against Respondents, asking the
 master-in-equity to hold them liable for the judgment, either as KG Rescue's
 partners or by piercing KG Rescue's corporate veil.  A and J also argued KG
 Rescue's payments to Stahl, Jessco Homes, and Steeplechase were fraudulent and
 should be set aside.  Finally, it argued KG Rescue's members owed A and J a
 fiduciary duty to ensure that KG Rescue paid A and J's judgment before its
 other debts.     
In ruling for
 Respondents, the master-in-equity made several key findings of fact.  First,
 the master found the payments KG Rescue made to Stahl, Jessco Homes, and
 Steeplechase were repayments of loans they had made to KG Rescue.  Therefore,
 the master found, KG Rescue's payments to Stahl, Jessco Homes, and Steeplechase
 were supported by consideration.  The master also found that Respondents had no
 actual intent to defraud A and J, and that KG Rescue's members did not engage
 in self-dealing or act in conscious disregard of A and J's breach of contract
 claim.  Finally, the master found Respondents were not KG Rescue's partners.
Having conducted
 our own review of the record on appeal, we agree with the master's findings and
 adopt them.  Considering those findings under the applicable law, we discover
 no error in the master's rulings.  See Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty., 371 S.C. 224, 237, 638 S.E.2d 685, 692 (2006) (stating
 alter ego liability may not be imposed in the absence of fraud or misuse of
 control by dominant entity resulting in injustice); Albertson v. Robinson,
 371 S.C. 311, 316, 638 S.E.2d 81, 83 (Ct. App. 2006) (stating in order for a
 transfer to be set aside under the Statute of Elizabeth, it must have been made
 either without consideration or with the transferor's actual intent of
 defrauding its creditors); Halbersberg v. Berry, 302 S.C. 97, 101, 394
 S.E.2d 7, 10 (Ct. App. 1990) (stating in looking to whether a partnership
 exists, a court considers whether there is "(1) the sharing of profits and
 losses; (2) community of interest in capital or property; and (3) community of
 interest in control and management" among the putative partners); Steele
 v. Victory Sav. Bank, 295 S.C. 290, 295, 368 S.E.2d 91, 94 (Ct. App. 1988)
 ("[A]s a general rule, a fiduciary relationship cannot be established by
 the unilateral action of one party.  The other party must have actually
 accepted or induced the confidence placed in him."); Sturkie v. Sifly,
 280 S.C. 453, 457-58, 313 S.E.2d 316, 318 (Ct. App. 1984) (requiring a party
 seeking to pierce the corporate veil to prove that injustice or fundamental
 fairness will result if the corporate form is not disregarded).  Accordingly, the judgment of the
 master-in-equity is 
AFFIRMED.
FEW, C.J., and HUFF and SHORT, JJ., concur.

[1] Jessco Homes, Inc. is the successor to Jessco, Inc. 
 We refer to both as Jessco Homes.