**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Wilma Spikes, Respondent,

v.

Roy Steven Cunningham and Roy Chester Cunningham, Appellants.

Appellate Case No. 2015-000348

---

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-354
Submitted April 1, 2016 – Filed July 6, 2016

---

**AFFIRMED**

---

S. Jahue Moore and John Calvin Bradley, Jr., of Moore Taylor Law Firm, P.A., of West Columbia, for Appellants.

Brian Pratt Robinson, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Judy v. Judy*, 403 S.C. 203, 207-08, 742 S.E.2d 672, 675 (Ct. App.

2013) ("A clear and convincing evidentiary standard governs fraudulent conveyance claims brought under the Statute of Elizabeth. An action to set aside a conveyance under the Statute of Elizabeth is an equitable action, and a de novo standard of review applies." (quoting *Oskin v. Johnson*, 400 S.C. 390, 396, 735 S.E.2d 459, 463 (2012))); *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001) ("In an appeal from an action in equity, [an appellate court] has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the trial judge is in the better position to assess the credibility of the witnesses."); S.C. Code Ann. § 27-23-10(A) (2007) ("Every . . . conveyance of lands . . . which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed . . . to be clearly and utterly void . . . ."); *Oskin*, 400 S.C. at 397, 735 S.E.2d at 463 ("[C]onveyances shall be set aside under two conditions: [f]irst, where there was valuable consideration and the transfer is made by the grantor with the actual intent to defraud; and, second, where a transfer is made without actual intent to defraud but without valuable consideration."); *Albertson v. Robinson*, 371 S.C. 311, 317, 638 S.E.2d 81, 84 (Ct. App. 2006) ("Where a transfer is made without valuable consideration being exchanged, the transfer will be set aside only when the creditor establishes the following: (1) the grantor was indebted to the creditor at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay his indebtedness to the creditor in full, not merely at the time of transfer, but in the final analysis when the creditor seeks to collect the debt."); *Durham v. Blackard*, 313 S.C. 432, 438, 438 S.E.2d 259, 263 (Ct. App. 1993) ("A voluntary conveyance is a transfer made in good faith without consideration or for a mere nominal consideration."); *Windsor Props., Inc. v. Dolphin Head Constr. Co.*, 331 S.C. 466, 471, 498 S.E.2d 858, 860 (1998) ("Where transfers to members of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the transferee to establish both a valuable consideration and the bona fides of the transaction by clear and convincing testimony." (quoting *Gardner v. Kirven*, 184 S.C. 37, 41, 191 S.E. 814, 816 (1937))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.